**MERRITT PACKING AND CRATING, INC., a Colorado corporation, Plaintiff,**

v.

**BROADWAY MOVING AND STORAGE CO., INC., a Colorado corporation; Elmer Bright, Transportation Officer, Lowry Air Force Base, a division of the United States Government; Zondra Bentley, Procurement Officer, Lowry Air Force Base, a division of the United States Government, and Lowry Air Force Base, Transportation Division, Defendants.**

Civ. A. No. 82–C–901.

United States District Court, D. Colorado.

Aug. 27, 1982.

Samuel J. Stoorman, Stockton, Lewis & Beckwith, Denver, Colo., for plaintiff.

Elizabeth A. Montgomery, Davis, Graham & Stubbs, Denver, Colo., Stephen Klein, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Merritt Packing and Crating, Inc. (hereafter, "Merritt"), a Colorado Corporation authorized to transport household goods in the Colorado counties of Denver, Adams, Jefferson and Arapahoe, filed a motion for a preliminary injunction. Defendants are Broadway Moving and Storage Co., (hereafter, "Broadway"), Lowry Air Force Base, (hereafter, "Lowry"), and two Lowry employees, Elmer Bright and Zondra Bentley. The action, originally filed in Denver District Court, was removed pursuant to 28 U.S.C. § 1442(a)(1).

Defendant Broadway bid on and obtained a contract to transport goods owned by United States Air Force personnel from Lowry Air Force Base in Denver to various locations outside Colorado. Plaintiff, an unsuccessful bidder for the contract, claims that Broadway lacked the requisite state authorization to bid on or obtain the contract. Defendants contend that Broadway's authority permits it to perform the contract.

Both parties have thoroughly briefed the issues. I have carefully considered the briefs and the evidence received at a hearing held June 21, 1982. This memorandum opinion constitutes my findings of fact and conclusions of law as required by F.R. Civ. Proc. 52(a) and 65(d).

### I. *General Background.*

Most of the facts are not disputed. Through its agents, defendant Lowry solicited bids from Colorado motor carriers for transporting household goods owned by Air Force personnel, when they were assigned to new bases. Plaintiff and Broadway submitted the only bids. In contrast to the plaintiff's authority, referred to above, Broadway is authorized to move household goods only "between all points within the City and County of Denver and a five-mile radius thereof." P.U.C. Certificate Number 2589. Both Merritt and Broadway are authorized to transport goods interstate.

According to the contract, the shipper must pick up the goods at servicemen's homes in the Denver area and draw up service orders, inventory forms and "military shipment labels." Each of these documents names the owner, the place of pickup and the ultimate out-of-state destination. Once removed from the residences, the goods are taken to the shipper's Denver warehouse for repacking, crating and weighing in preparation for interstate or international shipment. Lowry then issues a Government Bill of Lading, identifying the warehouse as the point of pickup. A different carrier then transports the goods to their final delivery point.

Plaintiff contends that the contract contemplates local, intrastate movement of goods which is disallowed by Broadway's Public Utilities Commission certificate of service. Defendants concede that Broadway lacks authority to perform purely intrastate transportation, but argue that its activities are in *interstate* commerce, the first step in a single, multi-step journey. Furthermore, the defendants argue that Merritt has an adequate remedy at law and therefore an injunction would be improper.

## II. *Findings and Conclusions.*

To obtain a preliminary injunction, Merritt must establish that: (1) there is a substantial likelihood it will prevail on the merits; (2) it will suffer irreparable harm unless an injunction issues; (3) the threatened injury outweighs the damage the proposed injunction might cause the defendants; and, (4) the injunction, if issued, would not be adverse to the public interest. *Kenai Oil and Gas, Inc. v. Department of the Interior,* 671 F.2d 383, 385 (10th Cir. 1982); *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

### A. *Likelihood of Prevailing on the Merits.*

Whether a shipment travels interstate or only intrastate is determined by the essential character of the commerce. *Hughes Brothers Timber Co. v. Minnesota,* 272 U.S. 469, 47 S.Ct. 170, 71 L.Ed. 359 (1926). Its character is manifested by the shipper's "fixed and persisting transportation intent at the time of the shipment." *United States v. Majure,* 162 F.Supp. 594 (D. Miss. 1957); *Southern Pacific Transportation Co. et al.—Investigation of Operations,* 120 M.C.C. 236 (1974). That intent must be evaluated in conjunction with other circumstances. *Joy Oil Co., Ltd. v. State Tax Commission,* 337 U.S. 286, 69 S.Ct. 1075, 93 L.Ed. 1366 (1949).

The parties have stipulated that the goods are moved incident to relocation of Air Force personnel and that their destinations are unalterably fixed before the time when Broadway first moves them. Moreover, it is stipulated that Broadway labels and prepares the goods for interstate shipment. There is no dispute that the items are briefly stored in Broadway's Denver warehouse. It is clear, however, that the shipper, Lowry, dictates the ultimate out-of-state destinations before Broadway ever receives the goods.

Goods ultimately destined for shipment to another state acquire "the character of interstate commerce as soon as they begin their journey, even if there is a temporary break in transit in the state of origin." *State Corporation Commission v. Bartlett & Co., Grain,* 338 F.2d 495 (10th Cir. 1964), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 154 (1965); *see also, Joy Oil Co.,* 337 U.S. at 288, 69 S.Ct. at 1076–77, *Chicago Board of Trade v. Olsen,* 262 U.S. 1, 43 S.Ct. 470, 67 L.Ed. 839 (1922), *Wycoff Co. v. Public Service Commission of Utah,* 195 F.2d 252, (10th Cir. 1951) *rev'd on other grounds,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

Cases cited by the plaintiff concern situations in which the goods were stored for an indefinite period rather than for a very brief period incident to a multi-step shipment. *Southern Pacific Transportation Co.,* 565 F.2d 615 (9th Cir. 1977), *I.C.C. v. Columbus and G. Ry. Co.,* 153 F.2d 194 (5th Cir.

1946). In neither case cited by the plaintiff did the shipper determine the final destination at the time the goods were initially moved. Unlike those situations, here the actual out-of-state destination is known before the goods are taken from the servicemen's homes.

Plaintiff contends that *Lincoln Storage and Moving, Inc. Extension—Grant County, Washington,* 68 M.C.C. 120 (1956) constitutes conclusive authority here. Admittedly, the facts are similar. There it appears that goods belonging to Air Force personnel were moved in one of three fashions: (1) shipments were transported for crating and packing, then immediately moved out of state, (2) shipments were briefly stored, then moved, or, (3) shipments were held until "orders are received to move the shipments from the warehouse to their ultimate destination." The Commission disposed of the first two situations by holding that those are unquestionably cases of interstate commerce. Only in the third situation, where the destination was *unknown* prior to arrival of the goods at the shipper's warehouse did the Commission subscribe to the plaintiff's argument that the "movement is complete at the time the goods are stored in the applicant's warehouse with no present intention on the part of the shipper to move them to any known destination at any specific time." 68 M.C.C. at 122. Obviously the lack of advance knowledge of ultimate destination distinguishes *Lincoln* from the instant case.

The stipulated facts and exhibits admitted at the hearing establish that Lowry's intent, when it set the goods in motion, was to have them delivered to the newly assigned bases. Plaintiff, who has the burden on this motion, has failed to show that the goods were held for any substantial time without previously having been assigned to a further destination. Considering the parties' intentions, acts and the surrounding circumstances in light of the law, I find and conclude that the plaintiff has failed to show a likelihood that it will succeed at trial. Therefore, I conclude that the first prerequisite to a preliminary injunction has not been established.

### A. *Remaining Requirements for Preliminary Injunction.*

Since I have found that it is unlikely that the plaintiff would prevail on the merits, it is unnecessary to discuss the remaining elements. However, I note that even if the plaintiff had established the probability of ultimate success, it has not shown irreparable harm by failure to issue an injunction. Money damages are both adequate and available, and therefore, equitable relief would be improper.

Conversely, the harm to the defendants from an injunction would be substantial. Lowry would be required to relet the bids, causing uncertainty and delay.

Finally, it would be contrary to the public interest for this Court to interfere with the efficient transfer of military personnel and their household goods by superimposing its judgment over that of those regularly charged with managing such matters, especially on the basis of evidence at a preliminary injunction hearing.

### III. *Conclusion.*

Since the plaintiff has failed to prove elements prerequisite to a preliminary injunction, its motion must be denied.

Accordingly,

IT IS ORDERED that the plaintiff Merritt Packing and Crating, Inc.'s motion for a preliminary injunction is denied.